**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| JAMES BRELAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-352 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LIBERTY LIFE ASSURANCE CO. | ) | |
| OF BOSTON, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, Defendant's Motion to Dismiss Counts I, III, and IV
(Doc. 3) will be granted, and Plaintiff's Motion to Remand to State Court (Doc. 5) will be
denied.

### BACKGROUND

Plaintiff James Breland ("Plaintiff") was an employee of JC Penney and was a
beneficiary under JC Penney's Disability Insurance Plan (the "Disability Plan"), for which
Defendant Liberty Life Assurance Co. of Boston ("Defendant") served as claims administrator.
Compl. (Doc. 1-1) at ¶¶ 1-2. In 2012, Plaintiff began to receive disability benefits from
Defendant when he became disabled and required ankle and back surgeries. Id. at ¶¶ 3-4. Then,
in February 2013, Defendant allegedly terminated Plaintiff's benefits, without obtaining a
medical report from an examining doctor. Id. at ¶ 4. While Defendant's representative, Emily
Brinkmeyer, has represented that she sought an updated medical report prior to terminating the
benefits, Plaintiff alleges that this representation is false. Id. at ¶ 5. Plaintiff also alleges that

Defendant has failed to provide him with any information supporting its decision to terminate his benefits. <u>Id.</u> at ¶ 14.

As a result of these events, Plaintiff filed the instant lawsuit against Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging assumpsit (Count I), violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*., ("ERISA") (Count II), breach of fiduciary obligation (Count III), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §201-1 *et seq.*, ("UTPCPL") (Count IV). *See generally* Compl. (Doc. 1-1). Defendant timely removed the action to federal court based on federal question subject matter jurisdiction, and filed the pending partial Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, Defendant argues that Plaintiff's state law claims in Counts I, III, and IV are preempted by ERISA. *See generally* Def.'s Br. (Doc. 4). Plaintiff, in his brief in opposition, argues that his state law claims are not preempted because they are "not directed at any particular plan," and that, alternatively, they fall under an exemption to ERISA preemption.[1] *See generally* Pl.'s Br. (Doc. 6). Plaintiff also seeks a remand to state court. <u>Id.</u> at 12.

## ANALYSIS

ERISA was enacted "to provide a uniform regulatory regime over employee benefit plans." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 208 (2004). Accordingly, "ERISA includes expansive preemption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." <u>Id.</u> (internal citations omitted). ERISA's express preemption clause, § 514(a), provides that ERISA shall supersede any state laws that

---

[1] Importantly, Plaintiff does not dispute that the Disability Plan is covered by ERISA, and to the contrary, has explicitly brought a claim in Count II under ERISA for the reimbursement of benefits. *See* Compl. (Doc. 1-1) at ¶¶ 22-28.

"relate to an employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has interpreted the phrase "relate to an employee benefit plan" broadly, to include all state laws that have "a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). As such, state common law claims "routinely fall within the ambit of § 514." Menkes v. Prudential Ins. Co. of America, 762 F.3d 285, 294 (3d Cir. 2014).

Here, all three of Plaintiff's state law claims clearly "relate to" an ERISA plan and, therefore, are expressly preempted by ERISA.[2] Contrary to Plaintiff's arguments, all of his state law claims derive from Defendant's decision to terminate his benefits under the Disability Plan. Count I, Plaintiff's assumpsit claim, alleges that Defendant "breached its obligation to the Plaintiff by unilaterally cutting off his disability benefits." Compl. (Doc. 1-1) at ¶ 21. Likewise, Count III alleges that Defendant "breached its fiduciary obligation by unilaterally cutting off Plaintiff's disability benefits." Id. at ¶ 31. Defendant's obligation to pay benefits and its fiduciary duties arose solely from the Disability Plan, and "[b]ecause these claims explicitly require reference to the plan and what it covers, they are expressly preempted." Menkes, 762 F.3d at 296 (finding state law claims for breach of contract and breach of fiduciary duty expressly preempted by § 514); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (finding a common law action for tortious breach of contract preempted by ERISA); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001) (noting suits against insurance companies for denial of benefits, "even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted"); Pane v. RCA Corp., 868

---

[2] While Defendant originally expressed some uncertainty as to whether Plaintiff's claim for breach of fiduciary duty in Count III was brought under state law or § 502(a)(3) of ERISA, the Court is convinced that it is a state law claim. See e.g., Pl.'s Br. (Doc. 6) at 6 (referring to his breach of fiduciary duty claim as a state remedy that was not preempted by ERISA); Compl. (Doc. 1-1) at ¶ 31 (seeking monetary relief in Count III, as opposed to equitable relief).

F.2d 631, 635 (3d Cir. 1989) (affirming dismissal of breach of contract claim as preempted under

ERISA).  Lastly, Count IV, which alleges that Defendant violated the UTPCPL, also "relates to"

the Disability Plan, and is therefore expressly preempted under § 514(a).  *See* Scheibler v.

Highmark Blue Shield, 243 Fed. Appx. 691, 694 (3d Cir. 2007) (finding that a claim under the

UTPCPL was expressly preempted by ERISA); Murphy v. Metro. Life Ins. Co., 152 F. Supp. 2d

755, 758 (E.D. Pa. 2001) (same).

Moreover, Plaintiff's state law claims do not fall under the ERISA's "savings clause,"

which exempts from preemption any state law that "regulates insurance."  29 U.S.C.

§ 1144(a)(2)(A).  In order to fall under this exemption, a state law "must be specifically directed

toward entities engaged in insurance" and "substantially affect the risk pooling arrangement

between the insurer and the insured."  Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S.

329, 338 (2003).  Here, the UTPCPL is not a law specifically directed toward the insurance

industry, and therefore does not fall under this exception.  *See* Jobe v. Prudential Ins. Co. of Am.,

2010 WL 3811671, at *8 (W.D. Pa. Sept. 23, 2010) (holding that the UTPCPL "is a generally

applicable statute not specifically directed toward entities engaged in insurance"); Erbe v.

Billeter, 2006 WL 3227765, at *7 (W.D. Pa. Nov. 3, 2006) (same).[3]  As such, the state law

claims in Counts I, III, and IV will be dismissed, and the case will proceed on Plaintiff's one

remaining claim in Count II, for the recovery of benefits under ERISA.

Finally, the Court will not remand this action to state court.  Plaintiff, in support of his

argument for remand, relies heavily on the language of the Disability Plan, which provides that a

---

[3] While Plaintiff also appears to suggest that dismissal would be premature, because there has
been no discovery as to whether the Disability Plan was "maintained solely for the purposes of
complying with … disability insurance laws," and thus exempt from ERISA, this notion is
unpersuasive.  *See* Pl.'s Br. (Doc. 6) at 10 (citing 29 U.S.C. § 1003(b)). There is no indication
that that the Disability Plan is exempt from ERISA under this provision, and Plaintiff, bringing
an ERISA claim in Count II, has provided no argument to this effect.

plan participant "may file suit in a state or federal court."  Pl.'s Br. (Doc. 6) at 3, 12.  However,

Plaintiff has explicitly brought a claim in Count II under ERISA, and this is now the only

remaining claim.  Compl. (Doc. 1-1) at ¶¶ 22-28.  As such, Defendant has properly removed this

action to federal court based on federal question subject matter jurisdiction, and this Court will

retain jurisdiction over all further proceedings.  *See* 28 U.S.C. §§ 1331, 1441(a).

## II. <u>ORDER</u>

Consistent with the foregoing, Defendant's Motion to Dismiss Counts I, III, and IV (**Doc.
3**) is **GRANTED**, and Plaintiff's Motion to Remand to State Court (**Doc. 5**) is **DENIED**.

IT IS SO ORDERED.

November 6, 2014                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record